UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

NATIVE WHOLESALE SUPPLY COMPANY,

                              Appellant,

                                                        **DECISION AND ORDER**
      v.                                                        15-CV-665-A

STATE OF OKLAHOMA,

                              Appellee,

───────────────────────────────

      The appellant, Native American Wholesale Company, Inc., a Chapter 11 debtor, appeals a June 29, 2015 Order of the bankruptcy court, and seeks to overturn the bankruptcy court's interpretation of the term "Final Order" in the debtor-appellant's confirmed plan of reorganization (the "plan").  The appellee, State of Oklahoma, has moved to dismiss the appeal due to:  (1) procedural default because appellant has not perfected the appeal as required by Fed. R. Bank. P.  8009 and 8018; and (2) because the bankruptcy court ruling under appeal is moot.  Appellee State of Oklahoma has also moved for imposition of monetary sanctions on grounds the appeal was frivolous and was filed to delay payments due to appellee under the plan.

      In response to appellee State of Oklahoma's motions to dismiss, appellant Native American Wholesale Supply Company concedes it has not perfected the appeal, and that  "dismissal of the appeal[] is within the discretion of the Court."  Dkt. No. 12, p. 5, ¶ 14.  Instead of seeking leave of the Court to perfect the appeal, however, appellant requests that the appeal be considered by *ad hoc* summary

procedure on the ground that the appeal turns on interpretation of the plain text of the term "Final Order" defined in the plan. *Id.* at ¶¶ 14, 16-17. Appellant suggests it does not need oral argument of the appeal, and that a memorandum of law would be "superfluous" because the appeal raises no issues "requiring citation to law." *Id.* at ¶¶ 14, 17; *see* Fed. R. Bank. P. 8018(e). Appellant has not directly addressed whether the appeal is moot. Appellant opposes imposition of sanctions on it.

## DISCUSSION

The Court assumes the parties' familiarity with the record and the issues before the Court. As a preliminary matter, the Court notes that appellant Native American Wholesale Supply conceded before the bankruptcy court that the June 10, 2014 judgment of the Oklahoma Supreme Court was not subject to a further challenge of any sort, except potential bankruptcy law challenges. *See* Dkt. No. 6-9 pp. 17-19. Yet non-bankruptcy grounds were the only grounds relied upon by appellant in its Final Order Objection. *See* Dkt. No. 4-14, ¶ 5, p. 2. Appellant sought to preserve other unspecified, potential objections, *see* Dkt. No. 4-14, ¶ 6, p. 2, but, by its plain text, the Final Order Objections did not preserve a *pending* objection filed within the time allowed to file an objection. *See* Dkt. No. 4-5, ¶ 1.39 Final Order, p. 9; *Id.* at ¶ 9.5, pp. 38-39 (15-day objection window). Accordingly, the Court finds the sole pending objection to the June 10, 2014 Judgment of the Oklahoma Supreme Court raised in appellant's Final Order Objection was rendered moot by appellant's concession to the bankruptcy court.

All other rulings in the June 29, 2015 Order of the bankruptcy court, including the rulings on the belatedly-raised issues under Bankruptcy Code §§ 105 and 502(j), *see* Dkt. No. 6-8, are affirmed for the reasons stated by the Bankruptcy Judge.  *See* Dkt No. 4-2, pp. 3-4; Dkt. No. 6-9, pp. 17-32.  The arguments of appellant merit no further discussion, and the Court finds oral argument unnecessary.  Fed. R. Bank. P. 8019.

## CONCLUSION

For the foregoing reasons, the June 10, 2014 Judgment of the Oklahoma Supreme Court was properly found to be a Final Order by the bankruptcy court, and the Court affirms the bankruptcy court's June 29, 2015 Order.  At this time, the Court does not reach State of Oklahoma's motion for sanctions pursuant Fed. R. Bank. P. 8020, 28 U.S.C. § 1927, and the Court's inherent powers.  Dkt. No. 8.

**IT IS SO ORDERED.**

                *Richard J. Arcara*
                HONORABLE RICHARD J. ARCARA
                UNITED STATES DISTRICT COURT

Dated:  November 19, 2015